Mr. Chief Justice Oartter
delivered the opinion of the court.
It is settled law that the District is responsible, under certain conditions, to the party injured whenever the injury results from a defective highway, where the defect is such as to render it dangerous to the wayfarer. It has control of the streets, and that power, conferred upon it by the law, charges it with the correlative duty of keeping them in repair. This hole or area, for it is called both in the declaration, was in the sidewalk, and if it was dangerous to life or limb, and neglected, the District is responsible for the neglect.
It is, however, claimed that the'District had received no notice of the existence of this defect, and it is true that there is no proof of any actual notice. But there is proof of that kind of notice which all the authorities from necessity have made equivalent to actual notice — the notice which arises from that lapse of time after which the authorities are presumed to know of a defect of this kind. In other words, the District is presumed to know what it ought to have known of the fact.
*334 This case is covered with that kind of notice. A hole four feet long, two feet wide and three feet and an inch and a half deep, ought not to remain in a sidewalk for over a year without the knowledge of the guardians of the highways. A shorter time than that would be sufficient to charge responsibility.
But it is said that taking it for granted that notice existed and that this might have been a nuisance, there is no evidence showing it to be dangerous. No witness had been called to the stand to swear that, in his opinion, this was a dangerous defect, and this after somebody had fallen into it and broken his leg. Certainly the hole was large enough and deep enough to be dangerous, and as good a witness as could be brought to that subject was a broken thigh bone caused by it. We would be trifling with the administration of justice if we should declare, in the face of this fact, that there is no legal evidence of the dangerous character of this hole, and that we must wait until some expert has pronounced his opinion upon the subject. The court was right not to withdraw the case from the jury upon that ground.
We see nothing in this case or in the exceptions taken which can lead us to set aside the judgment rendered below.
The decision of the court therefore is that the judgment be affirmed.